```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-21818-CIV-SEITZ
                              MAGISTRATE JUDGE P.A. WHITE
```

GARY LEE SHIELDS,                     :

    Plaintiff,                    :

v.                                    :     PRELIMINARY REPORT
                                            OF MAGISTRATE JUDGE
MAJOR PAEPLOW, ET AL.,                :

    Defendants.                   :
_____

## I. Introduction

The plaintiff Gary Lee Shields, currently housed at the Glades Correctional Institution, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for monetary damages and other relief based on events that happened at the Highland County Jail. [DE #1]. The plaintiff has been granted leave to proceed in forma pauperis. [DE# 5].

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

    * * *

>  (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>  \* \* \*
>
>  (B) the action or appeal –
>
>  \* \* \*
>
>  (i) is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or
>
>  (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11

Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an

entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff names as defendants Highland County Jail Major Paeplow; Captain Johnson; Sergeant Renfro; Officer Tucker and Officer Lewis. The plaintiff raises the following allegations. He entered the Highlands County Jail in April, 2005. Following his arraignment, Lewis told the plaintiff that he overheard that two relatives of the alleged victim, who were inmates in the Jail, planned to attack the plaintiff. The plaintiff was housed in protective custody until July, 2005 due to an MRSA outbreak. In July, 2005, Renfro and Johnson informed him that he was being transferred to general population. The plaintiff informed them of the risk to his safety but Renfro made a crude comment and threatened to make his life unbearable if he did not accept the transfer, and Johnson had him sign a pre-completed request form asking to be removed from protective custody. Two weeks later the plaintiff observed the victim's uncle accompanied by Lewis. The victim's uncle ran after the plaintiff and when the plaintiff attempted to close his cell door Tucker opened it from the control booth to allow the victim's uncle to attack the plaintiff. Lewis allegedly stood by while the attack took place, and the plaintiff was seriously injured. When the plaintiff attempted to chase the attacker, Lewis blocked the exit, and Tucker assisted the attacker to escape by opening a gate. The plaintiff informed Johnson about the attack, and he reprimanded Tucker and became upset with the staff about what had occurred.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

4

It is well settled that the failure of prison officials to control or separate prisoners who endanger the physical safety of other prisoners may, under certain conditions, constitute an Eighth Amendment deprivation; however, the constitutional rights of inmates are not violated every time one inmate is injured as a result of another's actions. Smith v. Wade, 461 U.S. 30 (1983). The same protections are afforded to pretrial detainees. See DeShaney v. Winnebago County DSS, 489 U.S. 189, 199 (1989) ("If it is cruel and unusual punishment to hold convicted criminals in unsafe conditions, it must be unconstitutional [under the Due Process Clause] to confine the involuntarily committed-who may not be punished at all-in unsafe conditions.") (citations omitted). The constitution requires officials to take all reasonable precautions to protect inmates from known dangers, see Davidson v. Cannon, 474 U.S. 344 (1986); Smith v. Wade, supra; Zatler v. Wainwright, supra; Harmon v. Berry, 728 F.2d 1407 (11 Cir. 1984); Saunders v. Chatham County Board of Commissioners, 728 F.2d 1367 (11 Cir. 1984); Abrams v. Hunter, 910 F.Supp. 620 (S.D.Fla. 1995); Gangloff v. Poccia, 888 F.Supp. 1549, 1555 (S.D.Fla. 1995). The known danger may arise either because there is a risk posed by one specific inmate against another, because there is a some other more general pervasive risk of harm because violence at the institution occurs with sufficient frequency that prisoners are put in reasonable fear for their safety and the problem and need for protective measures has been made known to prison officials, see Abrams v. Hunter, supra, at 624-25.

For a state actor to be constitutionally liable for failure to protect the safety of an inmate, two requirements must be met. First, the deprivation alleged must be, objectively, "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991); Hudson v. McMillian, 503 U.S. 1 (1992). Thus, for a claim based on an alleged

failure to prevent harm, an inmate must show that he is incarcerated under conditions that pose a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "[T]he protection [an inmate] is afforded against other inmates" is a "condition of confinement" subject to scrutiny under the Eighth Amendment. Wilson, supra, 501 U.S. at 303. Second, the prison official who ignores a substantial risk of serious harm to an inmate must have a "sufficiently culpable state of mind," Farmer v. Brennan, supra, 511 U.S. at 834. In cases predicated on prison conditions, that state of mind is one of "deliberate indifference" to the inmate's health or safety. Wilson v. Seiter, supra, 501 U.S. at 302-03; Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Traditionally, applicable authorities have described "deliberate indifference" as a state of mind more blameworthy than mere negligence or even gross negligence, Davidson v. Cannon, 474 U.S. 344 (1976); Estelle, supra, 429 U.S. at 104; Parker v. Williams, 862 F.2d 1471 (11 Cir. 1989), and as something more than a lack of ordinary due care for a prisoner's safety. Whitley v. Albers, 475 U.S. 312 (1986).

Thus, in order to state a claim of cruel and unusual punishment, the courts have required that a prisoner must allege a conscious or callous indifference to his rights by prison officials. Davidson v. Cannon, supra; Brown v. Hughes, 894 F.2d 1533, 1537-38 (11 Cir. 1990); Washington v. Dugger, 860 F.2d 1018, 1021 (11 Cir. 1988); Williams v. Bennett, 689 F.2d 1370, 1380 (11 Cir. 1982). Only such a degree of disregard for the prisoner's rights, which offends evolving contemporary standards of decency and is repugnant to the conscience of mankind, separates official conduct that is actionable under Section 1983 from simple negligence which is not. When the plaintiff fails to allege and show proof of such an abuse, what may be an ordinary tort does not

rise to the level of a constitutional violation actionable under Section 1983. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Estelle v. Gamble, supra, 429 U.S. at 106; Byrd v. Clark, 783 F.2d 1002, 1006 (11 Cir. 1986); Hamm v. DeKalb County , 774 F.2d 1567, 1572 (11 Cir. 1985); Williams v. Bennett, supra 689 F.2d at 1380.

The Supreme Court has emphasized that Eighth Amendment liability requires a showing that the responsible official was subjectively conscious of risk to the inmate:

> We hold...that a prison official cannot be liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.

Farmer v. Brennan, supra, 511 U.S. at 837; see also, LaMarca v. Turner, 995 F.2d 1535, 1536 (11 Cir. 1993).

Thus there must be an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation. See Zatler v. Wainwright, supra, 802 F.2d at 401. See also LaMarca v. Turner, supra, 995 F.2d at 1536. "Personal participation . . . is only one of several ways to establish the requisite causal connection," Zatler v. Wainwright, supra at 401, and thus, personal participation is not the sine qua non for the defendants to be found personally liable. Swint v. City of Wadley, Ala., 5 F.3d 1435, 1446 (11 Cir. 1993), opinion modified on other grounds, 11 F.3d 1030 (11 Cir. 1994). The defendant prison official

must, however, ignore a substantial risk of serious harm to the inmate. <u>Wilson v. Seiter</u>, and <u>Estelle v. Gamble</u>, <u>supra</u>.

In this case, the plaintiff has alleged sufficient facts to state a claim for relief against the defendants Johnson, Renfro, Tucker and Lewis on a claim of endangerment. The plaintiff alleges specifically that Johnson and Renfro were made aware of the danger that other inmates posed to him but refused to allow him to remain in protective custody, which led to a violent attack and a serious physical injury. Although the plaintiff states that Johnson later was upset at what occurred, the claim that Johnson was in a position to allow the plaintiff to remain in protective custody is sufficient to raise a constitutional claim for relief. The facts also demonstrate that Lewis and Tucker were not only specifically aware of the risk of harm to the plaintiff, they actively participated by taking steps to allow the inmate-attacker to enter into the plaintiff's housing area, attack the plaintiff and escape into another section of the jail. In sum, the plaintiff has raised sufficient facts so that this claim should proceed beyond this initial screening against Johnson, Renfro, Tucker and Lewis. The facts alleged suffice to meet the <u>Twombly</u> standard, in that the factual allegations in the complaint plausibly suggest an entitlement to relief. The plaintiff names Major Paeplow as a defendant but raises no claims of wrongdoing against this individual.

### III.   <u>Conclusion</u>

Based on the foregoing, it is recommended that:

1. The Complaint [DE# 1] proceed as to the constitutional claims against Johnson, Renfro, Tucker and Lewis.

    2.    The defendant Paeplow be dismissed as a party to this action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 4th day of August, 2009.

 

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Gary Lee Shields, <u>Pro Se</u>
       No. W11381
       Glades Correctional Institution
       500 Orange Avenue Circle
       Belle Glade, FL 33430-5222